LIU, J., Concurring.
I join the opinion of the court except for its treatment of petitioner’s claim that the Sixth Amendment right to a jury trial, as interpreted by Apprendi v. New Jersey (2000) 530 U.S. 466 [147 L.Ed.2d 435, 120 S.Ct. 2348] (Apprendi) and related precedent, constrains our consideration of the circumstances of his triggering offense. (Maj. opn., ante, at pp. 556-559.) As explained below, I would not decide the merits of petitioner’s claim and instead would deem it forfeited.
*563 Petitioner was charged with two felony offenses: failure to register as a sex offender upon arrival in a jurisdiction and failure to update his sex offender registration within five working days of his birthday. The jury acquitted petitioner of the former offense and convicted him of the latter. Before the sentencing hearing, petitioner asked the trial court to strike at least two of his three prior felony convictions. He relied on the assertedly minor and nonaggravated nature of his conviction for failing to update his registration and argued that, in his case, a 25-year-to-life sentence would constitute cruel and unusual punishment in violation of the Eighth Amendment. In denying this request, the trial court relied in significant part on its finding that petitioner had intentionally failed to register upon his arrival in Palmdale, despite the jury’s acquittal of petitioner on that count. The trial court subsequently imposed a 25-year-to-life sentence.
Petitioner did not object to the trial court’s finding or to the trial court’s reliance on that finding in denying his request to strike his prior convictions. Nor did petitioner raise an Apprendi claim in the Court of Appeal or in any of his briefing in this court—not even after the Attorney General, in her answer brief, cited the trial court’s finding as a reason to deny petitioner relief. Only after this court directed the parties to be prepared to discuss at oral argument the significance of the trial court’s finding to the Eighth Amendment challenge did petitioner raise his Apprendi claim. No lower courts have previously considered the issue. Accordingly, I would reject petitioner’s claim as forfeited. (People v. Heard (2003) 31 Cal.4th 946, 972, fn. 12 [4 Cal.Rptr.3d 131, 75 P.3d 53].)
Although today’s opinion considers the merits of petitioner’s Apprendi claim, its discussion does not actually resolve that claim despite the court’s assertion to the contrary (maj. opn., ante, at p. 559, fn. 19). The court says “the Apprendi line of decisions does not apply to the present context. Both the United States Supreme Court and this court have expressly held that a trial court, in exercising its discretion in sentencing a defendant on an offense of which he or she has been convicted, may take into account the court’s own factual findings with regard to the defendant’s conduct related to an offense of which the defendant has been acquitted, so long as the trial court properly finds that the evidence establishes such conduct by a preponderance of the evidence. (See, e.g., [United States v.] Watts [(1997)] 519 U.S. 148, 155-157 [136 L.Ed.2d 554, 117 S.Ct. 633]; [People v.] Towne [(2008)] 44 Cal.4th 63, 85-88 [78 Cal.Rptr.3d 530, 186 P.3d 10].)” (Maj. opn., ante, at p. 557.) According to the court, “the constitutional principle established by the Apprendi line of decisions is not violated by a trial court’s own factual findings regarding ‘the real conduct that underlies the [defendant’s] criminal conviction’ ([United States v. Booker (2005) 543 U.S. 220, 250 [160 L.Ed.2d *564 621, 125 S.Ct. 738]]) so long as, under the applicable statutory scheme, the findings do not mandate a particular sentence but leave the trial court free to exercise sentencing discretion. (Id. at pp. 259-265.)” (Maj. opn., ante, at p. 558.) These precedents “clearly establish that petitioner’s Apprendi claim lacks merit,” the court says, because the trial court’s finding of petitioner’s intentional failure to register “did not mandate a particular sentence under the Three Strikes law; the court simply relied upon its factual determination regarding petitioner’s course of conduct in exercising the discretion afforded by the Three Strikes statutory scheme in choosing a sentence within the maximum term statutorily authorized by the jury’s verdict.” (Id. at pp. 559, fn. 19, 558.)
The court is undoubtedly correct that under Watts, Towne, and Booker, a trial court may consider its own findings in exercising its sentencing discretion within the maximum term lawfully authorized by the jury’s verdict. But those cases did not consider, much less answer, whether Apprendi’s requirement of a jury finding applies to a fact essential to the legality of a sentence under the Eighth Amendment. Petitioner’s claim is not that Apprendi constrains the trial court’s sentencing discretion within the lawfully authorized range; of course it does not. His claim is that Apprendi constrains the trial court’s sentencing discretion under the “Three Strikes” law when a 25-year-to-life sentence would exceed the lawful maximum—-that is, it would violate the Eighth Amendment—but for the finding of an essential fact, namely, his intentional failure to register upon his arrival in Palmdale. In Towne, we said that Apprendi applies “ ‘to a fact that is “legally essential to the punishment” [citation], that is, to “any fact that exposes a defendant to a greater potential sentence” than is authorized by the jury’s verdict alone [citation].’ ” (People v. Towne, supra, 44 Cal.4th at p. 86.) That is what petitioner is arguing here: because a 25-year-to-life sentence would be unconstitutional but for a finding that he intentionally refused to register, that finding must be made by a jury beyond a reasonable doubt.
Logically, a rejection of petitioner’s claim on the merits must rest on a conclusion (1) that his intentional refusal to register is not a fact essential to the legality of his sentence under the Eighth Amendment or (2) that even if it were such an essential fact, Apprendi would not apply.
As to the first possibility, the court explains that petitioner’s intentional failure to register is a major factor supporting its “conclusion] that the circumstances surrounding petitioner’s triggering offense distinguish this case from [People v. Carmony (2005) 127 Cal.App.4th 1066 [26 Cal.Rptr.3d 365]] and Gonzalez [v. Duncan (9th Cir. 2008) 551 F.3d 875] and are more comparable to [People v.] Nichols [(2009) 176 Cal.App.4th 428 [97 Cal.Rptr.3d 702]] and Crosby [v. Schwartz (9th Cir. 2012) 678 F.3d 784].” *565 (Maj. opn., ante, at p. 552; see id. at pp. 552-555.) But the court does not say one way or the other whether the fact of petitioner’s intentional failure to register is determinative of the Eighth Amendment issue. (See id. at p. 562 [“Taking into account both the circumstances of petitioner’s triggering offense and petitioner’s very serious criminal history, we conclude that the 25-year-to-life sentence imposed upon petitioner does not constitute cruel and unusual punishment in violation of the Eighth Amendment.”].)
There would be no need to conclude that petitioner’s intentional failure to register is not a fact essential to the legality of his sentence under the Eighth Amendment if the court were to conclude instead that even if that fact were essential, Apprendi still does not apply. But today’s opinion does not say that either, and the issue is not an easy one.
The main argument for Apprendi’s inapplicability in this context seems to be that Apprendi applies to situations where the facts authorizing a particular sentence are legislatively specified. (See Apprendi, supra, 530 U.S. at p. 490 [“Other than the fact of a prior conviction, any fact that increases the penalty for a crime beyond the prescribed statutory maximum must be submitted to a jury, and proved beyond a reasonable doubt.” (Italics added.)].) In the Eighth Amendment context, by contrast, the facts relevant to the legality of a sentence are specified by a court. It is certainly plausible that the Apprendi principle applies only to those facts that a legislature enacting the majority will, and not a court interpreting the Eighth Amendment, deems essential to authorize a particular maximum sentence.
But there are serious counterarguments. In Ring v. Arizona (2002) 536 U.S. 584 [153 L.Ed.2d 556, 122 S.Ct. 2428] (Ring), the United States Supreme Court held that aggravating factors required for imposition of the death penalty must be found by a jury, not by a judge. Although the aggravating factors in Ring were statutorily specified, they were specified by statute only because the high court’s Eighth Amendment jurisprudence had required legislatures to specify such factors to distinguish death-eligible from death-ineligible crimes. (See id. at p. 606.) Justice Scalia, who has long disagreed with that aspect of the high court’s Eighth Amendment jurisprudence, observed that Ring posed for him the following “quandary”: “Should I continue to apply the last-stated principle when I know that the only reason the fact is essential is that this Court has mistakenly said that the Constitution requires state law to impose such ‘aggravating factors’?” (Id. at pp. 610-611 (cone, opn. by Scalia, J.).) Justice Scalia resolved his quandary by joining the Ring majority in applying Apprendi. In light of Ring, it is debatable whether the Apprendi principle extends not only to statutorily prescribed minimum facts, but also to minimum facts with constitutional origins.
*566 Take another example. The high court in Enmund v. Florida (1982) 458 U.S. 782, 797 [73 L.Ed.2d 1140, 102 S.Ct. 3368] held that the Eighth Amendment forbids imposition of the death penalty on a defendant “who does not himself kill, attempt to kill, or intend that a killing take place or that lethal force will be employed.” (See also Tison v. Arizona (1987) 481 U.S. 137, 158 [95 L.Ed.2d 127, 107 S.Ct. 1676] [concluding that “major participation in the felony committed, combined with reckless indifference to human life,” satisfied Enmund].) Assume there are three states with the following laws. The first state, even before Enmund, had adopted a statute requiring a finding that a defendant killed, attempted to kill, or intended that a killing occur in order to render the defendant death eligible. The second, in response to Enmund, enacted an identical statute on the assumption that it was required to do so. The third enacts no legislation but, under Enmund, still may not impose the death penalty on a defendant who did not kill, attempt to kill, or intend a killing occur. The statutory findings required by the first two states are undoubtedly subject to Apprendi. Can it really be that the same findings in the third state are not, simply because the third state has not implemented Enmund through a legislative enactment? Ring emphasized that “[t]he dis-positive question ... ‘is one not of form, but of effect.’ ” (Ring, supra, 536 U.S. at p. 602, quoting Apprendi, supra, 530 U.S. at p. 494.) And although Cabana v. Bullock (1986) 474 U.S. 376 [88 L.Ed.2d 704, 106 S.Ct. 689] held that the Sixth Amendment does not require an Enmund finding to be made by a jury, that case preceded Apprendi and Ring. (See Ring, supra, 536 U.S. at pp. 589, 598, 609 [finding Walton v. Arizona (1990) 497 U.S. 639 [111 L.Ed.2d 511, 110 S.Ct. 3047] “irreconcilable” with Apprendi and noting that “Walton drew support from Cabana v. Bullock].)
Booker also suggests that the applicability of Apprendi’s principle is not limited to legislatively prescribed facts that are essential to punishment. There, the high court considered whether the Apprendi principle applied to the federal sentencing guidelines. The Attorney General argued that Apprendi did not apply to the guidelines because, among other reasons, they were promulgated by the United States Sentencing Commission, not by Congress. (United States v. Booker, supra, 543 U.S. at p. 237 (Booker)-, see Mistretta v. United States (1989) 488 U.S. 361, 368 [102 L.Ed.2d 714, 109 S.Ct. 647] [U.S. Sentencing Com. is an independent agency located in the federal judicial branch].) The high court rejected this argument as “lack[ing] constitutional significance.” (Booker, at p. 237.) It was sufficient for purposes of Apprendi that the guidelines set forth facts essential to imposing particular sentences. (Booker, at p. 238.) “Regardless of whether Congress or a Sentencing Commission concluded that a particular fact must be proved in *567 order to sentence a defendant within a particular range . . . ,” the fact must be found by a jury beyond a reasonable doubt. (Ibid.)
The high court in Booker expressly and approvingly noted that its conclusion went beyond the four comers of Apprendi'. “The Government correctly notes that in Apprendi we referred to ‘ “any fact that increases the penalty for a crime beyond the prescribed statutory maximum ....”’ Brief for United States 15 (quoting Apprendi, 530 U.S. at 490 (emphasis in Brief for United States)). The simple answer, of course, is that we were only considering a statute in that case ....[][] More important than the language used in our holding in Apprendi are the principles we sought to vindicate. Those principles are unquestionably applicable to the Guidelines. They are not the product of recent innovations in our jurisprudence, but rather have their genesis in the ideals our constitutional tradition assimilated from the common law. [Citation.] The Framers of the Constitution understood the threat of ‘judicial despotism’ that could arise from ‘arbitrary punishments upon arbitrary convictions’ without the benefit of a jury in criminal cases. The Federalist No. 83, p. 499 (C. Rossiter ed. 1961) (A. Hamilton). . . . Regardless of whether the legal basis of the accusation is in a statute or in guidelines promulgated by an independent commission, the principles behind the jury trial right are equally applicable.” (Booker, supra, 543 U.S. at pp. 238-239.) Booker further suggests the absence of any bright line limiting Apprendi’s applicability to essential facts established by a legislative enactment.
The entirety of the court’s discussion of petitioner’s Apprendi claim is premised on the notion that a 25-year-to-life sentence is a lawfully authorized maximum sentence for petitioner’s third-strike felony. The court’s embrace of that premise is revealed in its statement that “[j]ust as such a trial court finding [concerning the circumstances of the offense] would be relevant in determining the actual gravity of a defendant’s conduct when the finding is favorable to the defendant, logic and fairness dictate that such a finding is similarly relevant when the finding is unfavorable to the defendant.” (Maj. opn., ante, at p. 559, fii. 19.) That statement is only true when a trial court is exercising its discretion to choose a sentence up to and including the lawfully authorized maximum. However, petitioner’s Apprendi claim fundamentally rests on the proposition that a 25-year-to-life sentence, though authorized by the Three Strikes law, would be unauthorized by the Eighth Amendment but for the fact that petitioner intentionally failed to register upon his arrival in Palmdale. Because the court neither disagrees with that proposition nor finds the Apprendi principle inapplicable despite that proposition, today’s opinion does not actually resolve petitioner’s Apprendi claim.
*568 In sum, petitioner raised the Apprendi claim only at the last minute when prompted to do so by this court. Accordingly, I would reject the claim as forfeited instead of considering it on the merits. In all other respects, I join the opinion of the court.